In the Matter of the Claim of JOSEPH STEFANO, Respondent, *v.* C. P. WARD, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, November 21, 1963.

*Louis Busell* and *Joseph M. Soviero* for appellants.

*Louis J. Lefkowitz, Attorney-General* (*Daniel Polansky* and *Julius Fell* of counsel), for Workmen's Compensation Board, respondent.

*William A. Specht* for claimant-respondent.

BERGAN, P. J.   Claimant had judgment in a third-party action in the Supreme Court for $1,533.50 entered in 1956, and thereafter applied to the Workmen's Compensation Board to reopen his claim to provide for deficiency compensation.

The carrier argued in opposition to this application that the judgment was in actuality the result of a compromise of claimant's third-party action, and since it was without the carrier's written consent within subdivision 5 of section 29 of the Workmen's Compensation Law, claimant was not entitled to deficiency compensation.

Upon a hearing before the Referee inquiring into the circumstances of the proceedings which led to the judgment, attorneys for both sides in the Supreme Court action refused to answer questions relating to discussions before the trial which they considered privileged; and judicial proceedings to compel them to answer resulted in a decision of the Appellate Division, Fourth Department (*Matter of Stefano* v. *Ward*, 7 A D 2d 828).

This decision, upholding the Special Term's refusal to punish for contempt, rested on the form the inquiry took before the Referee. The court noted: "[T]here has been a failure to adequately present the matter before the referee so that it may be intelligently reviewed."

When the matter again came before the Referee the attorneys refused to answer questions relating to the arrangements between the parties to the action leading to the proceedings upon which judgment was entered and the Referee then ruled that the trial and judgment constituted a compromise settlement.

On reviewing this decision, the Workmen's Compensation Board rescinded the Referee's decision and restored the case to the Referee's calendar "for development of the record" so that it should be "clarified as to all relevant facts concerning the disposition of the third party action with opportunity to the carrier to present proof as to whether the judgment was a true judgment or the result of an agreement or compromise. It would appear that the directions of the Appellate Courts as to specific line of inquiry has [*sic*] not been followed."

When the claim was once again before the Referee, the attorneys, asserting their privilege, continued to refuse to answer questions. The Referee sustained objections to many of these questions. For example, the attorney for claimant as plaintiff in the Supreme Court action was asked what was the substance of his discussion with the attorney for the defendant in that action. This was excluded by the Referee, as was proof of proceedings and discussions in the pretrial conference in the case before the Justice presiding at the term.

The Referee sustained objections to proof of these conversations by either lawyer as a witness, and he excluded proof of discussions at the pretrial conference between the court and counsel for both sides. The lawyers took the position before the Referee they would not answer questions of this sort in the absence of a specific direction from the Supreme Court.

As a result of these rulings it was not possible to determine whether the trial was a formality to effect an agreed settlement or a truly adversary proceeding. At the conclusion of the proof the Referee did not reach or decide this issue. He ruled that

no right to deficiency compensation had been shown because of claimant's earnings and closed the case. He did not pass on the effect of the third-party judgment on the right to deficiency compensation.

The board on August 10, 1962, affirming the Referee's decision closing the case, ruled on the question of deficiency by finding "that a judgment was rendered after trial and represented an independent evaluation of the claim. Under the circumstances, there was no necessity for written consent and the claimant is entitled to deficiency compensation."

We are required to reverse the decision for a reason which must be manifest. On May 17, 1960 the board had remitted the claim, as we have noted, to the Referee so the record could be clarified concerning the third-party action "with opportunity to the carrier to present proof" on whether the judgment was a "true judgment or the result of an agreement or compromise".

This was a proper ruling and the compensation carrier had the right to plenary examination into the facts of the third-party action and judgment. (*Matter of Minnitti* v. *Fleet Messenger Serv.*, 4 A D 2d 916.)

The conversations and agreements between lawyers adverse to each other are not privileged and must be disclosed if they are material; nor are pretrial judicial proceedings either confidential or privileged where they are material.

We do not, of course, pass upon the degree of acquiescence or agreement in the course of litigation which will defeat the usual presumption of the adversary basis of a judgment entered following upon a trial which appears on the face of the record to be a genuine controversy.

We hold merely that the conversations between adverse attorneys and pretrial proceedings are open to inquiry by the board where they are pertinent, as they are here, to a substantial right.

If the attorneys in the action continue as witnesses to assert privilege, the carrier should apply to a court for appropriate directions in order that a determination may be made of the issue which the board itself has framed, i.e., whether there was "a true judgment" or whether it was the result of "an agreement or compromise".

Although the Referee found claimant was not presently entitled to deficiency compensation because of his earnings, the board found claimant "is entitled to deficiency compensation" and by this finding, which may become the basis of future awards, appellants are sufficiently aggrieved to prosecute this appeal.

The decision of the board should be reversed and the claim remitted for further proceedings, with costs to appellants against the Workmen's Compensation Board.

HERLIHY, REYNOLDS and TAYLOR, JJ., concur.

Decision of the board reversed and the claim remitted for further proceedings, with costs to appellants against the Workmen's Compensation Board.